CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

**FILED**

Dec 18 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  3:25-mj-71491 MAG |
|     Plaintiff, | NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
|     v. | |
| LATISHA LAK, | |
|     Defendant. | |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on December 17, 2025, the above-named defendant was arrested pursuant to an arrest warrant (copy attached) issued upon an

☐    Indictment

☐    Information

☐    Criminal Complaint

☒    Other (describe) _____ Order of the Court _____

pending in the Eastern District of Arkansas, Case Number 4:22-CR-00071-17 KGB.

In that case (copy of indictment attached), the defendant is charged with a violations of Title United States Code, Sections 1344 and 1343.

Description of Charges:  <u>Conspiracy to Commit Bank Fraud and Wire Fraud.</u>

The maximum penalties are as follows:

<u>Conspiracy to Commit Bank Fraud</u>

- 30 years' imprisonment;
- $1,000,000 fine;
- Restitution;
- 5 years' supervised release;
- $100 special assessment;
- Forfeiture.

<u>Wire Fraud</u>

- 20 years' imprisonment;
- $250,000 fine, or twice the gross gain or gross loss, whichever is greater;
- Restitution;
- 3 years' supervised release;
- $100 special assessment;
- Forfeiture.

Respectfully Submitted,

CRAIG H. MISSAKIAN
UNITED STATES ATTORNEY

Date: December 17, 2025

_____/s/ *Kevin J. Barry*_____
KEVIN J. BARRY
Assistant United States Attorney

# ATTACHMENT A

A● 442  (Rev. 01/09)   Arrest Warrant (ARED rev. 7/6/2021)

# UNITED STATES DISTRICT COURT

Eastern District of Arkansas

**RECEIVED**

**AUG 2 9 2025**

**USMS  E/AR**

United States of America

v.

**Case No.**     4:22CR00071-17 KGB

Latisha Lak
FID# 11277123 USMS# 21366-510
*Defendant*

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* _____ **Latisha Lak,** _____

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☒ Order of the Court

This offense is briefly described as follows:

**Failure to Appear**, as further explained in the attached documents.

Date:   August 29, 2025

_____
*Issuing officer's signature*

City and state:   _Little Rock, Arkansas_

**TAMMY H. DOWNS, CLERK**
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ |
| at *(city and state)* _____. |
| Date:                                        _____ |
| *Arresting officer's signature* |
| _____ |
| *Printed name and title* |

AO  442   (Rev. 01/09)   Arrest Warrant (ARED rev. 7/6/2021)

# UNITED STATES DISTRICT COURT

Eastern District of Arkansas

United States of America

v.                                          **Case No.**        4:22CR00071-17 KGB

Latisha Lak

*Defendant*

# ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*                        __**Latisha Lak,**__

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☒ Order of the Court

This offense is briefly described as follows:

**Failure to Appear**, as further explained in the attached documents.

Date:   August 29, 2025                                  _____
                                                        *Issuing officer's signature*

City and state:    Little Rock, Arkansas _____        **TAMMY H. DOWNS, CLERK**
                                                        *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ *Arresting officer's signature* |
| _____ *Printed name and title* |

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**UNITED STATE OF AMERICA**

**VS.**                              **NO. 4:22-CR-00071-KGB**

**LATISHA LAK**

## <u>ORDER</u>

A bond revocation hearing was set today for 11:00 a.m., August 29, 2025, before me. Defendant Latisha Lak failed to appear.[1] I have also been advised that her ankle monitor has been removed, which puts her in absconder status.

For good cause shown, an arrest warrant will be issued. The Clerk of the Court is directed to issue a warrant for the arrest of Ms. Latisha Lak and forward it to the United States Marshal. After Ms. Lak's arrest, she will be brought before the Court for a bond revocation hearing.

SO ORDERED 29 August 2025.

_____
UNITED STATES MAGISTRATE JUDGE

A TRUE COPY I CERTIFY
TAMMY H. DOWNS, CLERK

By _____ D.C.

---

[1] Ms. Lak also failed to appear for yesterday's hearing, for which she had been summoned to appear, citing a medical emergency.

PS 8
(Rev. 5/2024)

# UNITED STATES DISTRICT COURT
## for the
# EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 27 2025

TAMMY H. DOWNS, CLERK

By:_____ DEP CLERK

U.S.A. vs. Latisha Lak                    Docket No. 4:22-cr-00071-KGB-17

### Petition for Warrant or Summons for Person Under Pretrial Supervision

### PETITIONING THE COURT

☐ To Issue a Warrant and Seal this Petition Pending Execution (cc: U.S. Probation and U.S. Marshal only)

☒ To Issue a Summons

COMES NOW Destin Rink, U.S. PROBATION OFFICER, presenting an official report upon the conduct of defendant Latisha Lak, who was placed under pretrial release supervision by the Honorable Edie R. Ervin sitting in the Court at Little Rock, Arkansas, on October 17, 2022, under the following conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

(5)   The defendant must sign an Appearance Bond, if ordered.

(7)   The defendant must:
(a) submit to supervision and report for supervision to the U.S. Probation Office.
(b) continue or actively seek employment.
(e) not obtain a passport or other international travel document.
(h) get medical or psychiatric treatment: mental health assessment and treatment if indicated.
(k) not possess a firearm, destructive device, or other weapon.
(l) not use alcohol excessively.
(m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(q) submit to the following location monitoring technology and comply with its requirements as directed:
(i) Location monitoring technology as directed by the services or supervising officer
(s) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including any arrests, questioning, or traffic stops.
(t) maintain regular contact with your attorney, not less than every 2 weeks

(u) report, in person, to the U.S. Probation and Pretrial Servies Office at least 30 minutes before any court proceeding you are required to attend

On August 7, 2023, an order was entered to impose a curfew, the specific terms of which should be set by the pretrial services office, to accompany the location monitoring condition.

On September 18, 2023, a motion was filed to modify the conditions of release to remove the curfew condition. The motion was granted on September 26, 2023.

On July 1, 2025, an order was entered to add drug testing with consent of the defendant.

On July 24, 2025, a motion was filed for revocation and a summons was scheduled for August 28, 2025.

Jury trial is set for December 15, 2025, before the Honorable Kristine G. Baker, Chief United States District Judge.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Description of alleged violations:** On June 27, 2024, the defendant violated her conditions of pretrial release when she was discharged as a program failure from Pocasangre's Counseling Services, LLC in Houston for failing to attend mental health treatment appointments. The defendant failed to attend treatment on October 4 and 19, 2023; February 8 and 22, 2024; March 8, 2024; and June 5 and 27, 2024.

The defendant violated her conditions of pretrial release when she failed to charge the location monitoring device resulting in several alerts ranging from August 7, 2023, with the most recent being June 3, 2024.

On July 24, 2025, the government independently filed a motion for revocation in docket no. 503. On July 30, 2025, that motion to revoke was scheduled for August 28, 2025.

On April 8, 2025, the defendant violated her conditions of pretrial release when she made a fraudulent deposit into her Wells Fargo account, as documented by the Houston, Texas, Police Department's incident number 754812-25. As a result, a warrant has been issued for the defendant's arrest.

**Description of actions taken to address the defendant's conduct:** The defendant was verbally admonished, and her officer utilized Staff Training Aimed at Reducing Re-Arrest (STARR) techniques to encourage compliance. The defendant was referred to for mental health counseling to resume her treatment.

A record request revealed an active warrant for Forgery from Harris County, Texas, Sheriff's Office.

2

**OFFICER'S RECOMMENDATION:**

It is recommended that the U.S. Attorney's Office request a warrant and the defendant be brought before the court to show cause why the bond should not be revoked. If a warrant is issued, the U.S. Probation Office requests it be sealed for the safety of the U.S. Marshals Service and the U.S. Probation Office and copied only to those respective agencies pending warrant execution.

**I declare under penalty of perjury that the foregoing is true and correct.**

The U.S. Attorney's Office submits this petition to be filed with Criminal Docketing as a motion.

Destin Rink
U.S. Probation Officer

Julie Peters
Assistant U.S. Attorney

Executed on    August 27, 2025

Executed on    8/27/25

Approved by:

Supervising U.S. Probation Officer

A TRUE COPY I CERTIFY
TAMMY H. DOWNS, CLERK
By _____ D.C.

3

**ATTACHMENT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION



**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 03 2022

TAMMY H. DOWNS, CLERK

By: _____
DEP CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 4:22-cr-00071 KGB |
| | ) | |
| v. | ) | |
| | ) | |
| MADISON CLARK, | ) | |
| KESHOUN COLEMAN, | ) | |
| DEUNTAE DIGGS, | ) | |
| DERRICK HARRIS, | ) | |
| KARL HARRIS, | ) | |
| TERRENCE HOLMAN, | ) | |
| BRELYN LONDON, | ) | |
| BRANDON SHAVERS, | ) | |
| KHI SIMMS, | ) | |
| QUENTIN WATSON, | ) | |
| KAYLAH BANKS, | ) | |
| LEQUON BREEDLOVE, | ) | |
| JONATHON BRYANT, | ) | |
| WALLACE FOOTE, | ) | |
| WINSLEY HENRY, IV, | ) | |
| KEARY HILLIARD, | ) | |
| LATISHA LAK, | ) | |
| JOHNATHAN LAWRENCE, | ) | Title 18, U.S.C. § 1344 |
| RACIE PHILLIPS, JR., | ) | Title 18, U.S.C. § 1349 |
| ANDREA PLUMMER, | ) | Title 18, U.S.C. § 1343 |
| CARRINGTON WALKER, and | ) | Title 18, U.S.C. § 1028A |
| CORNELIUS WILLIAMS | ) | Title 18, U.S.C. § 922(g)(1) |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT 1

*(Conspiracy to Commit Bank Fraud)*

From in or about January 2021, through in or about August 2021, in the Eastern District

of Arkansas and elsewhere, the defendants,

MADISON CLARK, KESHOUN COLEMAN, DEUNTAE DIGGS, DERRICK HARRIS,
KARL HARRIS, TERRENCE HOLMAN, BRELYN LONDON, BRANDON SHAVERS,
KHI SIMMS, QUENTIN WATSON, KAYLA BANKS, LEQUON BREEDLOVE,

JONATHON BRYANT, WALLACE FOOTE, WINSLEY HENRY IV, KEARY HILLIARD, LATISHA LAK, JOHNATHAN LAWRENCE, RACIE PHILLIPS JR., ANDREA PLUMMER, CARRINGTON WALKER, and CORNELIUS WILLIAMS,

along with others known and unknown to the Grand Jury, voluntarily and intentionally conspired and agreed to execute and attempt to execute a scheme to defraud Bank of America (BOA), and to obtain and attempt to obtain money owned and under the control of BOA and other banks, by means of materially false and fraudulent pretenses, representations, and promises, all at a time when the accounts of BOA were insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 1344.

A.      INTRODUCTION

At all times material herein:

1.      Bank of America (BOA) served as the issuing financial institution for unemployment debit cards for multiple state unemployment systems. Some states issue unemployment payments in the form of a debit card. California does this through the California Employment Development Department.

2.      As part of its duties, BOA had a role in managing and processing transactions made with these cards. BOA also conducted fraud prevention or mitigation activities regarding these cards.

3.      BOA outsourced some of these duties regarding unemployment debit cards to other companies, one of which was TTEC, a customer service company formerly known as TeleTech.

4.      MADISON CLARK was a contract employee of TTEC. Her duties included answering consumer questions involving unemployment debit cards as well as claims processing for unemployment debit cards.

5.      BOA was and is insured by the Federal Deposit Insurance Corporation and has locations throughout the country, including in the Eastern District of Arkansas.

B.    THE SCHEME

From on or about January 26, 2021, to in or about August 2021, in the Eastern District of Arkansas and elsewhere, the defendants, listed below, and others known and unknown to the Grand Jury, with intent to defraud, voluntarily and intentionally devised and intended to devise a scheme to defraud BOA, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

C.    MANNER AND MEANS

1.    When an unemployment cardholder claimed a transaction was not authorized, BOA could grant a "provisional credit" to that card to reimburse the amount of the disputed transaction. It was part of the scheme and artifice to defraud that defendant MADISON CLARK accessed BOA systems without authorization to reissue debit cards, remove fraud blocks, and add provisional credits to unemployment debit card accounts, resulting in more than $2 million in losses.

2.    In transferring the money at BOA to add provisional credits to unemployment debit card accounts, with each transaction, defendant MADISON CLARK caused an interstate wire transfer to be made.

3.    It was part of the scheme and artifice to defraud that KHI SIMMS, and the defendants listed below, and others SIMMS recruited, known and unknown to the Grand Jury, obtained fraudulent debit cards in order to withdraw the funds MADISON CLARK made available. In withdrawing those funds, with each withdrawal, the defendants listed below caused an interstate wire transfer to be made.

4.    Defendant MADISON CLARK was not authorized to make the transfers and did so without permission, and the defendants listed below were not authorized to withdraw the funds, all of whom received money to which they were not entitled.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2 – 23

### *(Wire Fraud)*

D.   THE SCHEME

Sections A, B, and C of the Indictment are incorporated as though fully set out herein.

E.   THE WIRES

On or about the dates set forth below, in the Eastern District of Arkansas and elsewhere, the defendants listed below, with the intent to defraud, voluntarily and intentionally and for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds, that is, transfers to or from a BOA unemployment account, described below:

| Count | Defendant(s) | Date | Amount |
|-------|--------------|------|--------|
| 2 | MADISON CLARK | 04/15/2021 | $7,500 |
| 3 | KESHOUN COLEMAN | 04/13/2021 | $5,000 |
| 4 | DEUNTAE DIGGS | 04/14/2021 | $2,500 |
| 5 | DERRICK HARRIS | 04/15/2021 | $7,500 |
| 6 | KARL HARRIS | 04/13/2021 | $7,500 |
| 7 | TERRENCE HOLMAN | 04/06/2021 | $2,450 |
| 8 | BRELYN LONDON | 04/14/2021 | $5,000 |
| 9 | BRANDON SHAVERS | 04/14/2021 | $7,500 |
| 10 | KHI SIMMS | 04/05/2021 | $7,500 |
| 11 | QUENTIN WATSON | 04/07/2021 | $7,500 |
| 12 | KAYLAH BANKS | 04/08/2021 | $6,500 |
| 13 | LEQUON BREEDLOVE | 03/30/2021 | $3,500 |
| 14 | JONATHON BRYANT | 03/30/2021 | $4,350 |

| 15 | WALLACE FOOTE | 03/29/2021 | $5,000 |
| 16 | WINSLEY HENRY IV | 03/29/2021 | $2,500 |
| 17 | KEARY HILLIARD | 04/14/2021 | $3,500 |
| 18 | LATISHA LAK | 03/26/2021 | $5,000 |
| 19 | JONATHAN LAWRENCE | 03/30/2021 | $2,500 |
| 20 | RACIE PHILLIPS JR. | 04/16/2021 | $6,500 |
| 21 | ANDREA PLUMMER | 02/11/2021 | $7,000 |
| 22 | CARRINGTON WALKER | 03/29/2021 | $3,500 |
| 23 | CORNELIUS WILLIAMS | 03/29/2021 | $2,500 |

All in violation of Title 18, United States Code, § 1343.

## COUNT 24

*(Aggravated Identity Theft)*

In or about December 2021, in the Eastern District of Arkansas, the defendant,

MADISON CLARK,

knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: wire fraud, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 25

*(Aggravated Identity Theft)*

In or about December 2021, in the Eastern District of Arkansas, the defendant,

KHI SIMMS,

knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: wire fraud, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 26

*(Aggravated Identity Theft)*

In or about December 2021, in the Eastern District of Arkansas, the defendant,

QUENTIN WATSON,

knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: wire fraud, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 27

*(Felon in Possession of a Firearm)*

A.      On or about March 9, 2022, the defendant,

KHI SIMMS,

had previously and knowingly been convicted of a crime punishable by a term of imprisonment exceeding one year, that is: Forgery 2nd, in Pulaski County, Arkansas, Circuit Court in Case Number 60-cr-17-1141.

B.      On or about March 9, 2022, in the Eastern District of Arkansas, the defendant,

KHI SIMMS,

knowingly possessed, in and affecting commerce, a firearm, that is: a Glock, model 45, 9 mm

pistol, bearing serial number BSFC557, in violation of Title 18, United States Code, Section

922(g)(1).

## FORFEITURE ALLEGATION 1

Upon conviction of any of Counts 1 through 23 of this Superseding Indictment, the

defendants, MADISON CLARK, KESHOUN COLEMAN, DEUNTAE DIGGS, DERRICK

HARRIS, KARL HARRIS, TERRENCE HOLMAN, BREYLN LONDON, BRANDON

SHAVERS, KHI SIMMS, QUENTIN WATSON, KAYLA BANKS, LEQUON BREEDLOVE,

JONATHON BRYANT, WALLACE FOOTE, WINSLEY HENRY IV, KEARY HILLIARD,

LATISHA LAK, JOHNATHAN LAWRENCE, RACIE PHILLIPS JR., ANDREA PLUMMER,

CARRINGTON WALKER, and CORNELIUS WILLIAMS, shall forfeit to the United States,

under Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code,

Section 2461(c), all property, real or personal, which constitutes or is derived from proceeds

traceable to the offense.

## FORFEITURE ALLEGATION 2

Upon conviction of the offense alleged in Count 27 of this Superseding Indictment, the

defendant, KHI SIMMS, shall forfeit to the United States pursuant to Title 18, United States

Code, Section 924(d), Title 21, United States Code, Section 853, and Title 28, United States

Code, Section 2461(c), all firearms and ammunition involved in the commission of the offense.

(END OF TEXT.  SIGNATURE PAGE ATTACHED.)